JOHN J. BLACK, PROSECUTOR, v. CITY OF NEWARK, DEFENDANT.

Submitted May 31, 1946—Decided January 7, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the prosecutor, *William P. Braun* (*Henry F. Hoey, Jr.,* of counsel).

For the defendant, *Thomas L. Parsonnet* (*Michael Breitkopf,* of counsel).

The opinion of the court was delivered by

HEHER, J. Prosecutor sues for compensation under *R. S.* 34:15–7; and the question is whether he has sustained the burden of proving disability consequent upon an industrial accident alleged to have occurred while he was in defendant's employ. The Compensation Bureau resolved this inquiry in the affirmative; Judge Flannagan, in the Essex Common Pleas, took the contrary view.

The disability claimed to be compensable is due to the collapse of the intervertebral disc between the fourth and fifth lumbar vertebrae; and it is prosecutor's insistence that the condition is the result of a fall over a wooden horse while he and six or seven co-laborers were engaged in the removal of a reviewing stand at the Newark City Hall. But we find that the contention is not sustained by the evidence.

The opinion evidence that trauma was a causative factor admittedly rests upon the history adduced from the employee himself. His expert witness conceded the pre-existence of progressive degeneration of the disc and a "partial collapse"—a degenerative hypertrophic arthritis, *i. e.*, a condition of overgrowth and excessive development of the part that is the ravage of age and hard manual labor, "particularly laborious lifting work." It is, he said, a degeneration that sets in as a laborer engaged in "lifting work—grows older." The question in the ultimate analysis, therefore, is whether the proofs demonstrate a traumatic aggravation or acceleration of this chronic, progressive, morbid state, idiopathic in origin, and the consequent incapacity, or a traumatic initiation of arthritis of any form or degree; and we think they do not.

Prosecutor's testimony of injury is utterly without corroboration; and it is not convincing. At the time of the alleged happening, there were seven or eight workmen in the immediate vicinity, one quite close to him; but none witnessed the occurrence of which he complains. He said that immediately after the mishap, one of them, Oldham, "walked across the place and asked me was I hurt." He did not know whether Oldham saw him "fall or not;" but he "was there." Oldham denied the making of the inquiry; and he said that

he did not witness the alleged mishap; he saw nothing "unusual." Prosecutor did not make mention of the occurrence to any of his fellow workmen; nor did he report it to his superior on the day in question, or seek "first aid." His explanation was that he "felt kind of foolish falling over the horse." He said he reported the happening to his immediate superior on the following day; but this is denied. And, although it is alleged that the accident occurred on June 4th, 1941, he continued his daily work without interruption until the ensuing August 1st, when he went on vacation. The disabling attack, he said, came a week later. Thus, the evidence as to the mishap asserted is not of the quality requisite to sustain the burden of proof. And to hold that there was a causal connection between the happening as described and the suddenly occurring drastic disability two months later would be to indulge in the merest surmise and conjecture. In a word, the evidence does not bring the tendered hypothesis within the bounds of reasonable probability; and so prosecutor cannot prevail. *Gilbert* v. *Gilbert Machine Works, Inc.,* 122 *N. J. L.* 533. Personal observation of the witnesses could not possibly supply this obvious deficiency in the proofs.

The judgment of the Pleas is affirmed.